IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL LEWIS COLEMAN, JR. #475238, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-cv-01275 |
| v. | ) ) | JUDGE RICHARDSON |
| DAVIDSON COUNTY SHERIFF OFFICE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Darrell Lewis Coleman, Jr., an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

### I. FILING FEE

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 7) and a notarized prisoner trust fund account statement (Doc. No. 9).

Plaintiff's statement shows that he lacks sufficient financial resources from which to pay the full filing fee in advance. However, the statement submitted by Plaintiff still lacks the required certification. 28 U.S.C.§ 1915(a)(2) requires that the statement must be signed by the facility custodian of Plaintiff's inmate trust account—for example, a jail administrator or county sheriff. Plaintiff cannot certify the form himself. Notarization of the form is not required and cannot substitute for the certification of a facility custodian of Plaintiff's account.

Given what appears to be good faith efforts on Plaintiff's part to comply with the Court's instructions, the Court will proceed as though Plaintiff has submitted a certified inmate account statement. However, Plaintiff **MUST** submit a certified inmate account statement to proceed with this action,[1] regardless of whether he complies with the Court's other instructions included herein. The certified statement **MUST** be received with 30 days of entry of this Memorandum Opinion and Order. For Plaintiff's convenience, the Clerk is **DIRECTED** to mail Plaintiff a blank Certificate of Prisoner Institutional/Trust Fund Account Activity.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

---

[1] For clarity, Plaintiff must submit a Certificate of Prisoner Institutional/Trust Fund Account Activity signed by the facility custodian of Plaintiff's inmate trust fund account. This form is the same as the one Plaintiff previously submitted (but signed himself) on December 14, 2024. (Doc. No. 7 at PageID# 53). An account statement reflecting the current spendable balance and all activity within the prisoner's account during the preceding six months (or, if the prisoner has been incarcerated for less than six months, for the period of incarceration) should be attached to the certificate.

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On October 15, 2023, Officer D. Broussard threw Plaintiff's prayer book into the garage bin. Plaintiff sought assistance from Lieutenant f/n/u Hawkins, who said that "if it was up to him, he would keep it in the garbage." (Doc. No. 1 at PageID# 5). A few days later, Lieutenant Hawkins told Plaintiff that he was filing too many grievances about the incident.

On an unspecified date, Officer Broussard called Plaintiff "the N-word." (*Id*.)

D. ANALYSIS

Here, the complaint alleges that Plaintiff's right to exercise his religion was violated when an officer threw Plaintiff's prayer book in the garbage. Under the First Amendment to the United

States Constitution, which is applicable to the States through the Fourteenth Amendment, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993), prisoners retain the right to freely exercise their religion, subject to limitations arising "both from the fact of incarceration and from valid penological objectives." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that his right to freely exercise his religion has been violated, Plaintiff must allege that: "(1) the belief or practice he seeks to protect is religious within his own 'scheme of things,' (2) that his belief is sincerely held, and (3) the Defendant's behavior infringed upon this practice or belief." *Fields v. Trinity Food Serv.*, No. 17-1190-JDT-CGC, 2019 WL 5268565, at *6 (W.D. Tenn. Oct. 17, 2019) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987)).

Plaintiff names one Defendant to this action: the Davidson County Sheriff's Office. (Doc. No. 1 at PageID# 2). The "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *accord Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (dismissing Section 1983 claim against sheriff's department as redundant of claim against county, and also noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022).[2] Thus, Plaintiff has not named a proper party to this lawsuit, and this action is subject to dismissal.

---

[2] The appeal in *Campbell* addressed only whether the deputy whose motion for summary judgment was denied was entitled to qualified immunity. To this Court's knowledge, the Sixth Circuit has never expressly held that sheriff's departments in Tennessee are not government entities capable of being sued, but it has suggested as much on several occasions, and it has confirmed that when a plaintiff erroneously sues "a non-juridical police department, the plaintiff often can easily fix this error by suing the city or county that operates the department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

However, considering Plaintiff is proceeding pro se and the constitutional protections provided by the First Amendment of the United States Constitution, the Court finds it appropriate to permit Plaintiff an opportunity to amend his complaint to add as a defendant the individual(s) responsible for the conduct Plaintiff describes in his complaint.

### III. CONCLUSION

The Court has screened the complaint pursuant to the PLRA and determines that it fails to state a claim upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. All claims against the Davidson County Sheriff's Office therefore are **DISMISSED**.

However, the Court permits Plaintiff the opportunity to amend his complaint to add as a defendant the individual(s) responsible for the conduct Plaintiff describes in his complaint. If Plaintiff wishes to do so, he **MUST** file an amended complaint no later than 30 days after the date this Memorandum Opinion and Order is entered.

If Plaintiff chooses to file an amended complaint, Plaintiff **MUST** submit a properly certified inmate trust fund account statement to proceed with this action. The statement **MUST** be received with 30 days of entry of this Memorandum Opinion and Order.

If Plaintiff submits a properly certified inmate trust fund account statement **and** a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. Otherwise, this case will be dismissed.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE